UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| City of Green, | ) | CASE NO. 5:15 CV 2432 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Gary E. Clair, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Gary E. Clair, acting *pro se*, initiated this action by filing a Notice of Removal of a state action filed against him by the City of Green in the Summit County Court of Common Pleas, *City of Green v. Gary E. Clair*, CV-2013-07-3397 (Summit County).  The City has filed a motion to remand the action to state court and for an award of fees.  (Doc. No. 4).  For the reasons stated below, the City's motion to remand the action to state court is granted, but its request for fees is denied.

**Background**

The City filed the underlying state-court action against Clair on July 12, 2013.  The complaint in the case alleges that Clair is attempting to sell a garage structure, constructed at property known as 244 E. Comet Road, in Clinton (Green), Ohio, as a single-family residence in violation of local zoning regulations.  (*See* Doc. No. 1-2.)  The City seeks a declaratory judgment that no building permit,

zoning permit, septic system permit, or occupancy permit was issued in connection with the property, and an injunction barring any individual from residing at that address unless and until all necessary permits for a single-family residence are obtained, including zoning permits, building permits, septic system permits, and occupancy permits. (*See id.*)

The trial court initially granted Clair summary judgment in the case, holding that the issues raised had already been addressed by a settlement agreement between the parties in a prior lawsuit brought by the City against Clair. However, the Ninth District Court of Appeals disagreed that the action was barred, reversed the trial court's grant of summary judgment, and remanded the case to the trial court for further proceedings. After the Ohio Supreme Court declined to accept jurisdiction over a subsequent appeal by Clair, the case was set for a status conference in the trial court in December 2015. Before the conference was held, Clair filed his Notice of Removal, on November 25, 2015.

## Analysis

The City moves to remand the action to state court, contending the action presents no federal claim over which this Court has subject-matter jurisdiction.[1] The Court agrees with the City that the action must be remanded. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." District courts have original jurisdiction over civil

---

[1] In addition, the City contends Clair's Notice of Removal is deficient because it "does not contain any statement setting forth the grounds for removal" as required by 28 U.S.C. § 1446(a), and was not filed within 30 days as required by § 1446(b).

2

actions that arise under federal law, or that involve parties of diverse citizenship where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§1331; 1332(a). The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction, and the "'removal statute should be strictly construed and all doubts resolved in favor of remand.'" *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)).

Clair contends removal is proper on the basis of a federal question. However, in order to demonstrate a federal question, a federal claim must be presented on the face of the plaintiff's well-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*.

The City correctly argues that no federal question or claim is presented on the face of the City's state-court complaint. Rather, the complaint seeks declaratory and injunctive relief solely on the basis of local ordinances and state laws. In his brief opposing remand, the plaintiff appears to contend federal concerns exist in connection with defenses he raised in the case. However, a case may not be removed to federal court on the basis of a federal defense or counterclaim. *See id.*; *Holmes v. Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002).

In sum, Clair has not demonstrated a basis for federal subject-matter jurisdiction in the case; therefore, the case must be remanded to state court in accordance with 28 U.S.C. § 1447(c).

The City seeks an award of fees and expenses incurred as a result of Clair's improper removal. The Sixth Circuit has held that fee awards under 28 U.S.C. §1447(c) "are inappropriate unless 'the removing party lacked an objectively reasonable basis for seeking removal.'" *Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013), quoting *Martin v. Franklin Capital Corp.*, 546 U.S.

3

132, 141 (2005). Given that the plaintiff is *pro se*, the Court does not find an award of fees appropriate on the basis that seeking removal was objectively unreasonable.

## Conclusion

For the reasons stated above, the City's request for fees is denied but its motion is granted to the extent is seeks remand of this matter to state court.

IT IS SO ORDERED.


Date: January 26, 2016                     */s/ John R. Adams*_____
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE